IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FERNANDO S. NARRO, #146298  \*
    Plaintiff,
  v.  \*  CIVIL ACTION NO. ELH-16-3596

OFFICER E. EDWARDS  \*
SGT. DIMINSKI
D.O. MOWRY  \*
D.O. KILGORE
D.O. STANFORD  \*
D.O. GREGORY
                      \*
    Defendants.
                      \*\*\*\*\*

## **MEMORANDUM**

On October 31, 2016, Fernando S. Narro, a prisoner housed at the Brazoria County Jail ("BCJ") in Angleton, Texas, filed suit under 42 U.S.C. § 1983 against several officers employed at BCJ. Narro seeks unspecified relief for the alleged use of excessive force on September 26, 2016, invoking this Court's civil rights jurisdiction under 28 U.S.C. § 1343. For reasons to follow, the case shall be transferred to the United States District Court for the Southern District of Texas.

This case has no apparent connection to the State of Maryland. Plaintiff and defendants are located in the District of Texas, and the Complaint concerns alleged activities of correctional officers at BCJ in September 2016. Assuming Narro may bring these claims in federal court it is appropriate to transfer his case.

Under Title 28 U.S.C. § 1391(b), a civil action may be brought in--

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Accordingly, the court will, by separate Order filed this date, TRANSFER this case to the United States District Court for the Southern District of Texas, pursuant to 28 U.S.C. § 1406(a). *See In re Carefirst of Maryland, Inc.*, 305 F.3d 253, 255–256 (4th Cir. 2002) (transfer of case under § 1406(a) to any district which would have had venue if the case were originally brought in that district); *Waytes v. City of Charlottesville*, 153 F.3d 725 (4th Cir. 1998) (when confronted with a case laying venue in the wrong district, district court is statutorily obligated to dismiss the case unless transferring the case to a district where the action could have been brought is in the interest of justice).

A separate Order follows.[1]


Date:  November 1, 2016

_____/s/_____
Ellen L. Hollander
United States District Court

---

[1] A decision with regard to Narro's motion for leave to proceed in forma pauperis shall be left to the transferee court.